UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:13-CV-359-H

JUDITH DANNEMILLER											PLAINTIFF

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY					DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This ERISA case comes to the Court's attention because the parties dispute its procedural status. As a consequence, Hartford has filed a motion to dismiss and Plaintiff has moved for corresponding sanctions. The Court convened a conference to discuss the matter in hopes of finding an agreeable path forward. However, the parties were not able to agree upon one, leaving to the Court to resolve the impasse.

The parties arrived at the current situation in the following general way. Plaintiff worked for Target, which provided an employee benefits package administered by Hartford. In 2011 Plaintiff applied for and received disability benefits for mental disorders from March 18, 2011, through March 17, 2012. At this point the benefits reached their one-year maximum and were terminated.

Shortly after her benefits began, Plaintiff determined that she was entitled to a continuation of benefits based upon certain physical disabilities due to sclerosis, fibromyalgia, and other spinal problems. In March 2012 before her benefits ended, Hartford informed Plaintiff that she did not qualify as physically disabled within the terms of her insurance plan and invited her to submit additional medical documentation regarding her physical disability. Over a six-month period, Plaintiff corresponded with Hartford about her potential claims. On September 5,

2012, Plaintiff submitted new medical information to support her physical disability claim. At first, Hartford considered this an appeal of her prior benefits termination. Later, it apparently reconsidered the matter and treated the claim to be a new one. This began the confusion.

In any event, Hartford eventually considered the new claim and denied it by letter dated January 22, 2013. Plaintiff thought Hartford had denied the appeal of her existing claim and filed this lawsuit. Plaintiff argues that Hartford has violated various ERISA procedural rules; Hartford says that it is merely trying to provide Plaintiff her full rights. Hartford moves to dismiss on the grounds that Plaintiff has not yet exhausted her administrative remedies by making an administrative appeal of the most recent denial.

The Court concludes that the best course of action is to allow Hartford an opportunity to review all the information that may support Plaintiff's claim in the administrative appeal process. The reasons for following this approach are threefold: (1) it appears likely that Hartford properly considered this a new claim, the denial of which is subject to administrative appeal according to Plaintiff's insurance plan, *cf. Smith v. Cont'l Cas. Co.*, 450 F.3d 253, 259 (6th Cir. 2006) (plaintiff's disability claim denial was subject to administrative appeal under her insurance plan); (2) though the process was no doubt confusing, it did result in Plaintiff having a better opportunity to submit evidence supporting her claim; and (3) extending the appeal process will allow Plaintiff to complete the administrative record appropriately.

If Hartford denies the administrative appeal, Plaintiff can file a proper appeal to federal court in due course. Naturally, a drawback to this course of action is that it will take longer than considering the current lawsuit as a proper appeal. However, it would be quite unfair to Hartford to prevent it from considering all matters through the administrative appeal and then be faced

with Plaintiff's argument that the administrative process was flawed.

Moreover, district courts are always best served by evaluating ERISA claims and procedures based on a full administrative record. *Cf. Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998) ("district court may consider evidence outside of the administrative record" to evaluate a procedural challenge to an administrator's decision); *Pediatric Special Care, Inc. v. United Med. Res.,* 10-13313, 2011 WL 133038, at *1 (E.D. Mich. Jan. 14, 2011) (courts may allow discovery when they are "[not] able to tell whether the complete administrative record has been assembled" under *Wilkins*, 150 F.3d 609)  An evaluation of a full administrative record is the essential element of ERISA jurisprudence. *Cf. Frazier v. Life Ins. Co. of N. Am.*, 725 F.3d 560, 570 (6th Cir. 2013) (district court properly "reviewed the *full* record [to] make a considered determination rather than simply relying on Frazier's stated pain levels.") (emphasis added).

The Court's decision today assures that such a process will occur here.  This process promotes ultimate fairness to both sides and is consistent with the Court's preliminary view that Hartford was correct in considering Plaintiff's request for disability based on physical problems to be a new claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to strike and for sanctions is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall be allowed ninety (90) days to file an administrative appeal of Hartford's January 22, 2013, denial of her claim for physical disability benefits.

IT IS FURTHER ORDERED that Plaintiff's complaint herein is DISMISSED WITHOUT PREJUDICE.

cc: Counsel of Record